FIRST NATIONAL BANK OF AUBURN

*vs.*

N. L. MARSHALL and another.

Androscoggin.    Opinion December 20, 1881.

*Promissory notes. Release. Principal and surety.*

An agreement, not under seal, to discharge an indebtedness is not a release and cannot have that effect.

A discharge given by the holder of a promissory note to one who signed upon the back does not discharge one who signed upon the face of the note, when there is no evidence that the holder had any other knowledge of the relation between the signers than that obtained from an examination of the note. How far parol evidence is admissible to show a relationship between the parties the reverse of that shown by the note is not decided.

Where an agreement to discharge one party to a note in express terms reserves all claims against all other parties to the note it will not discharge any other party.

ON EXCEPTIONS.

Assumpsit on the following promissory note.

"$375.                      Canton, May 17, 1880.

Four months after date, I promise to pay to the order of First N. B'k Auburn, Me. Three hundred seventy-five Dollars at first Nat. B'k Auburn, Me. Value received.

No. 4594. Due, Sep. 17-20.           N. L. Marshall."

(Indorsed,) — "Otis Hayford. Pd by O. H. 37.50."

Plaintiff discontinued as to Hayford. Marshall pleaded the general issue and by way of brief statement set up the following agreement :

"Whereas, Otis Hayford of Canton in the county of Oxford and state of Maine, is liable to the undersigned, his creditors, upon open account and absolutely or contingently as maker, drawer, acceptor or indorser of certain negotiable paper and in the several sums herein below set against the names of said creditors ;

"And whereas said Otis Hayford is unable to pay his said liabilities in full, and for the purpose of paying a release from said liabilities, agrees to pay ten per cent. of the face of his said several liabilities in three and six months from December first, A. D. 1880, with interest.

"Now, therefore, in consideration of the premises, it is mutually agreed between said Otis Hayford, debtor as aforesaid and the undersigned individuals, firms and corporations, creditors as aforesaid, their legal representatives and successors, severally and not jointly one with another that said creditors will each receive ten per cent. of the liabilities of said Otis Hayford held by them respectively, the ten per cent. aforesaid payable in two and four months from December first, A. D. 1880, with interest, in full settlement of the several liabilities to them of said Otis Hayford whether the same be an open account as maker, drawer, indorser, or maker of bills, notes, checks or drafts or other paper, or however such liabilities may arise ; but such settlement and discharge of liability shall not affect or discharge the liability of any party upon such paper other than said debtor. When any negotiable paper upon which is the name of said Otis Hayford as maker, drawer, acceptor or indorser bears the name of any other party or parties who are or may become liable thereon

absolutely or contingently as indorsers or otherwise, it is hereby severally agreed between said parties and the holders of said paper and said Otis Hayford that the payment of said ten per cent. as aforesaid to the present holder or to any party who shall then hold the same, shall discharge said Hayford from all liability ensuing out of said paper.

"In case said Otis Hayford shall be adjudged insolvent under and by virtue of the insolvent laws of Maine before the delivery of notes for, or payment otherwise, of said ten per cent. then this agreement is not to be binding upon the parties thereto.

"In witness whereof the parties have severally, and not jointly, hereunto set their hands this eighteenth day of October, A. D. 1880." . . . . . . . . .

First National Bank of Auburn,<br>
By J. Dingley, Jr. Prest,    $4956 00."

The case was submitted to the presiding justice, who ruled *pro forma*, that the contract made by plaintiffs with Hayford, claimed to be the principal on said note, did not discharge [the surety] Marshall, and ordered judgment for plaintiffs. To which rulings the defendant excepted.

*N. and J. A. Morrill*, for the plaintiff, cited: *McAllester* v. *Sprague*, 34 Maine, 296; *Drinkwater* v. *Jordan*, 46 Maine, 432; *Catskill Bank* v. *Messenger*, 9 Cow. 38; *DeZeng* v. *Bailey*, 9 Wend. 336; *Frink* v. *Green*, 5 Barb. S. C. 459; *Rowley* v. *Stoddard*, 7 Johns. 209; *Averill* v. *Lyman*, 18 Pick. 353; 2 Chit. Contr. (11th ed.) 1155, and cases cited; *Rich* v. *Lord*, 18 Pick. 325.

*J. P. Swasey*, for the defendant.

Hayford was in fact the principal and Marshall the surety on the note in suit. The plaintiffs in writing discharged the principal without the consent of the surety. They released Hayford from any further payment on that note not only to them but to any subsequent holder. That was an extinguishment of the debt. Story Prom. Notes, § 424 *et seq.*; Chit. Contr. 774, 775.

DANFORTH, J.   This is an action upon a promissory note of which the defendant Marshall is the maker and which Otis Hayford indorsed at its inception, it not having been indorsed by the payer.   Hence so far as the note shows, though Hayford may be considered as surety from the position of his name upon the note, he is an original promisor, and as to the holder, the two are jointly as well as severally liable and must be treated as joint debtors.   *Brett* v. *Marston*, 45 Maine, 401; *Union Bank* v. *Willis*, 8 Met. 504.

The defence is an agreement entered into by the plaintiff, and Hayford by which Hayford upon certain conditions was to be discharged from his liability upon the note.   It is claimed that this agreement having discharged Hayford, discharges the defendant also.   But the agreement is not under seal and is therefore not a technical release and by well settled law cannot have that effect.   *McAllester* v. *Sprague*, 34 Maine, 296; *Drinkwater* v. *Jordan*, 46 Maine, 432.

It is, however, contended that in fact Marshall signed the note for the benefit of Hayford who had the proceeds, and who by an agreement between themselves, was to pay it, thus making Marshall the surety and Hayford the principal.   It may be conceded that ordinarily when the holder of a note discharges a party thereto he discharges all subsequent parties who might otherwise upon payment have a remedy over.   This is clearly so when the order in which the parties are liable appears upon the face of the note and when the discharge is of such a character as to deprive the subsequent parties of their remedy over in case of payment.

In this case neither of these conditions are complied with. By the note itself it appears that Marshall is the prior party. How far parol evidence is admissible to show a relationship existing between the parties the reverse of that shown by the note, it is not necessary now to decide.   It does not appear that the bank had at the time it took the note any knowledge other than that obtained from the note.   But if it had, unless it was a party to the agreement between Marshall and Hayford, it could hardly be bound by it.   The contract between the bank and defendant was that of payor and payee of the note.   The defendant

held himself out as maker of the note and he has no reason to complain if the bank treats him as he has treated himself. The defendant had voluntarily signed the note as maker. He had thereby assumed the contract of maker with all its liabilities, to any one who might become the legal holder of the note, and for his indemnity he depended on his agreement with Hayford. Why then should not the bank in the exercise of its own rights do that which in its judgment its interests seem to require inasmuch as by so doing it has violated no contract existing between it and the defendant. These views, whatever might have been the result of some of the earlier decisions, seem to be fully sustained by the later authorities. Story on Bills, § 423, note and cases cited; *Commercial Bank* v. *Cunningham*, 24 Pick. 270, 275-6. Thus by virtue of the contract between the bank and those liable upon the note it was the subsequent and not the prior party who was discharged; nor is the agreement to discharge Hayford of such a nature as to effect a discharge of Marshall even if we assume that Hayford is the principal and Marshall the surety. It in express terms reserves all claims against all other parties to the note. To this provision Hayford must be considered as assenting. There is nothing in the contract which prevents the plaintiff from pursuing its remedy against Marshall at any moment after the note becomes payable and Hayford having assented to this his liability to any subsequent party to the note is neither delayed nor discharged. If Marshall pays the note his remedy over is in no respect impaired by this agreement, unless by his own assent. This law is so well settled that it requires no further discussion. 2 Chitty on Cont. (11th ed.) 1155: Story on Bills, § 416; *Sohier* v. *Loring et als.* 6 Cush. 537, and cases cited.

The clause in the contract by which Hayford is not to be pursued by other parties upon the note, cannot and does not purport to have any effect upon Hayford's liability except as it is assented to by such other parties. If it has Marshall's assent he is bound by it; if not, his rights remain unimpaired.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.